IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RICHARD RICARDO SLATER, : | |
| : | |
| Plaintiff : | |
| : | |
| VS. : | |
| : | NO. 5:03-CV-241 (CAR) |
| DERRICK HENDERSON, : | |
| : | |
| Defendant : | PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| : | BEFORE THE U. S. MAGISTRATE JUDGE |

# RECOMMENDATION

Plaintiff RICHARD RICARDO SLATER filed the above-captioned *pro se* complaint pursuant to 42 U.S.C. §1983. Plaintiff has sued DERRICK HENDERSON[1] alleging that the defendant violated his constitutional rights. Plaintiff claims that the defendant illegally seized $2972.00, a 1989 Ford truck, and a 1989 Honda Accord during the execution of an alleged defective search warrant.

Before the court is the defendant's **MOTION TO DISMISS**. Tab #25. In his motion, the defendant argues that plaintiff's claims should be dismissed because he is entitled to qualified immunity, Eleveth Amendment Immunity, and because plaintiff has failed to state a Fourth Amendment violation. On November 15, 2005, the undersigned ordered the plaintiff to respond to the defendant's motion. Tab #28. The plaintiff has complied with the court's order. Tab #30.

## LEGAL STANDARD - MOTION TO DISMISS

For a motion to dismiss to be granted, plaintiff's complaint, which must factually be accepted as true, must evidence that there is no set of facts entitling him to relief. *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir. 1991); *see also Luckey v. Harris*, 860 F.2d 1012, 1016-17 (11th Cir. 1988) and *Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986). In such a situation, Rule 12(b)(6) of the *Federal Rules of Civil Procedure* authorizes a court to dismiss a complaint on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326, 109 S. Ct. 1827, 1832, 104 L.Ed.2d 338 (1989).

---

[1]In his original complaint, plaintiff sued defendants Judge Tommy Day Wilcox and attorney Clinton Alan Wheeler. These defendants have previously been dismissed from this lawsuit. *See* Tab #15.

If, as a matter of law, it is clear that no relief could be granted under any facts that could be proved consistent with the allegations, a claim must be dismissed, regardless of whether it is based on an outlandish legal theory or on a close but unavailing one. *Id*. Rule 12(b)(6) does not allow for dismissals based solely on the court's disbelief of a plaintiff's factual allegations. *Id*. *See also Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L.Ed.2d.

## DISCUSSION
### A.  Eleventh Amendment Immunity

The Eleventh Amendment prohibits a federal court from exercising jurisdiction over a lawsuit against a state, except where the state has consented to be sued or waived its immunity, or where Congress has overridden the state's immunity. *Lassiter v. Alabama A & M University*, 3 F.3d 1482, 1485 (11th Cir. 1993). Congress has not abrogated Eleventh Amendment immunity in §1983 cases. *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1525 (11th Cir. 1990). Thus, if the state involved has not waived its immunity, the Eleventh Amendment bars a §1983 suit against that state. *Cross v. State of Ala.*, 49 F.3d 1490 (11th Cir.1995).

§1983 suits against that state's government departments would be similarly barred, as well. *Id*. at 1503. Whether an entity is a department or organization of the state, and entitled to Eleventh Amendment immunity, depends upon its functions and characteristics as determined by state law. *Id*. The Eleventh Amendment also bars §1983 suits against state officials in their official capacities, because in such a case, the state is considered the real party in interest since an award of damages would be paid by the state. *Id*. However, the Eleventh Amendment does not insulate official capacity defendants from actions seeking prospective injunctive relief. *Id*. Nor does it preclude a damages award against officials in their individual capacities. *Id*.

The State of Georgia has not consented to be sued in this case nor has there been a valid congressional override of Georgia's Eleventh Amendment immunity. Further, while acting as a state actor while performing his duties as a sheriff's deputy, defendant Henderson must consent to be sued or there must be a valid congressional override to the state's Eleventh Amendment immunity. Because neither the State of Georgia has consented to being sued in this case and there is no congressional override, defendant Henderson is entitled to Eleventh Amendment immunity against claims while acting in his official capacity.

## B. Qualified Immunity

Qualified immunity protects government officials performing discretionary functions from civil trials (and the other burdens of litigation, including discovery) and from liability if their conduct violates no clearly established right of which a reasonable person would have known. In satisfying his burden of showing that the right was clearly established, the plaintiff cannot point to sweeping propositions of law and simply posit that those propositions are applicable. Instead, the plaintiff must draw the court's attention toward a more particularized and fact-specific inquiry, that there existed sufficient case law establishing the contours of the plaintiff's constitutional rights such that the unlawfulness of the defendant's conduct would have been apparent to a reasonable official in the same circumstances.

The facts of the case cited need not be the same as the facts of the immediate case. However, they do need to be materially similar. Officials are not required to be creative or imaginative in drawing analogies from previously decided cases. In other words, for qualified immunity to be surrendered, preexisting law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates federal law in the circumstances. *Belcher v. City of Foley, Ala.*, 30 F.3d 1390 (11th Cir.1994) (citing *Lassiter v. Alabama A&M Univ.*, 28 F.3d 1146, 1149 (11th Cir. 1994) (en banc)).

A necessary concomitant to the decision of whether a defendant is entitled to qualified immunity is the determination of whether the plaintiff has asserted the violation of a constitutional right at all. *Siegert v. Gilley*, 500 U.S. 226 (1991).[2]

---

[2] The Eleventh Circuit, as noted in *Spivey v. Elliot*, 29 F.3d 1522, 1524 (11th Cir. 1994), has adhered to this approach in a number of cases. *See Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992); *Burrell v. Board of Trustees of Georgia Military College*, 970 F.2d 785, 792 (11th Cir. 1992) ("Without a constitutional violation, there can be no violation of a clearly established right."); *Bennett v. Parker*, 898 F.2d 1530, 1532 (11th Cir.1990) ("If the facts taken in the light most favorable to the plaintiff do not establish a constitutional violation, then the public official should be granted summary judgment as a matter of law.").

A review of the materials in this file reveals that the plaintiff has failed to allege that his constitutional rights were violated by defendant Henderson. The plaintiff alleges that defendant Henderson wrongfully seized from him $2972.00, 1989 Ford truck, and 1989 Honda Accord after a defective search warrant was issued by the Magistrate Judge.

In the undersigned's view, plaintiff SLATER has failed to establish a violation of his constitutional rights by defendant Henderson. The record indicates that defendant Henderson was merely acting within his discretionary authority when he seized said items from the plaintiff. Further, the plaintiff has not shown that defendant Henderson's conduct violated a clearly established right of which a reasonable person would have known. *See Lassiter*, 28 F.3d at 1149 (11th Cir. 1994). Therefore, the plaintiff has failed to overcome the defense of qualified immunity.

Accordingly, IT IS THE RECOMMENDED that the defendant's **MOTIONS TO DISMISS** (Tab #25) be **GRANTED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof. The Clerk is directed to serve plaintiff with a copy of this recommendation by mailing it to the **LAST ADDRESS** provided by him.

SO RECOMMENDED, this 9th day of DECEMBER, 2005.



                      CLAUDE W. HICKS, JR.
                      UNITED STATES MAGISTRATE JUDGE