# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **RICHARD RICARDO SLATER,** : | |
| : | |
| **Plaintiff,** : | |
| : | Civil Action |
| v. : | No. 5:03-cv-241 |
| : | |
| **DERRICK HENDERSON,** : | |
| : | |
| **Defendant.** : | |
| : | |

**ORDER ON MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Recommendation of the United States Magistrate Judge (Doc. 31) that the above-captioned case be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. After review of the pleadings in the case and the relevant legal authorities, and for the reasons set forth below, the Recommendation is hereby **ADOPTED**, in part, and **REJECTED**, in part.

This case was originally brought against Defendant Henderson and two other Defendants. Plaintiff alleged various claims related to his arrest and prosecution on charges of trafficking in cocaine. Henderson was the investigator for the Bibb County Sheriff's Office who led the investigation against Plaintiff. Plaintiff also brought claims against his appointed defense attorney and the judge who presided over the trial of his case.[1] In an Order entered May 26, 2004 (Doc. 11), the Court dismissed Plaintiff's claims against all Defendants. On appeal to the United States Court of Appeals for the Eleventh Circuit, the judgment was affirmed in part and reversed in part, and was

---

[1] Plaintiff's Complaint indicates that he was acquitted of the charges.

remanded to this Court for further proceedings with regard to Plaintiff's Fourth Amendment claims against Defendant Henderson alone.  The Court of Appeals held that this Court

> erred in dismissing [Plaintiff's] complaint for failure to state a claim as to the issues of whether the search warrant was obtained through false statements in violation of Franks v. Delaware, 438 U.S. 154 (1978), whether the warrant was executed at a reasonable time, and whether the seizures of [Plaintiff's] property exceeded the scope of the warrant.

Judgment of Court of Appeals, Doc. 21, p. 7.

The Court agrees with the Recommendation's finding that the Eleventh Amendment and the State's sovereign immunity bar Plaintiff's claims against Henderson in his official capacity.  The Court further agrees that qualified immunity shields Henderson from suit on Plaintiff's claims that the warrant was executed at an unreasonable time and that the seizures exceeded the scope of the warrant.  It is not clearly established as a matter of law that it was constitutionally unreasonable under the particular circumstances of this case to execute the search warrant at 4:30 a.m. or that the cash and vehicle seized during the search were outside the scope of the warrant.  Given the facts as pled in the Complaint, Plaintiff cannot show that an "objectively reasonable police officer would have realized the acts violated already clearly established federal law."  Garrett v. Athens-Clarke County, 378 F.3d 1274, 1278-79 (11th Cir.2004).

As to Plaintiff's claim that Henderson lied in the search warrant affidavit, Plaintiff may be able to prove a set of facts that will avoid qualified immunity and entitle him to relief.  "When considering a motion to dismiss, the pleadings are construed broadly so that all facts pleaded therein are accepted as true, and all inferences are viewed in the light most favorable to the plaintiff."  Levine v. World Fin. Network Nat'l. Bank, Inc., 437 F.3d 1118, 1120 (11th Cir. 2006).  Dismissal is appropriate only when it is beyond doubt that a plaintiff can prove no set of facts that will support

a claim for relief.  Id.  The Court must therefore accept as true Plaintiff's allegations that Henderson submitted a false affidavit to support the issuance of the search warrant in this case.  It is clearly established that it is a violation of the Fourth Amendment's protections against unreasonable searches and seizures for an officer to present false information to a judicial officer in support of a warrant application.  See Franks v. Delaware, 438 U.S. 154 (1978).  An objectively reasonable police officer should understand that it is unlawful to lie to a magistrate in order to secure a search warrant.  If Plaintiff can succeed in proving his claim that Henderson lied, qualified immunity will offer no protection.

Accordingly, it is hereby ordered that all claims against Defendant Henderson in his official and individual capacity are **DISMISSED**, with the exception of the claim that Henderson's warrant affidavit presented upon false information, which will remain as the sole issue for adjudication in this case.

**SO ORDERED**, this 24th day of May, 2006.


S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

chw