IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

RICHARD RICARDO SLATER,

              Plaintiff

VS.

DERRICK HENDERSON,

              Defendant

NO. 5:03-CV-241 (CAR)

PROCEEDINGS UNDER 42 U.S.C. § 1983
BEFORE THE U.S. DISTRICT JUDGE

## O R D E R

On July 21, 2003, plaintiff RICHARD RICARDO SLATER filed the above-captioned *pro se* complaint pursuant to 42 U.S.C. §1983. After this court dismissed plaintiff's case for failure to state a claim (Tab #11), the Eleventh Circuit remanded the case for further proceedings. Tab #21. Thereafter, in an order dated September 14, 2005, the undersigned ordered service upon the defendants and gave instructions to the parties, ***including instructions as to the conduct of discovery***.

Defendant DERRICK HENDERSON filed a MOTION FOR SUMMARY JUDGMENT herein on October 2, 2006. Tab #39. Plaintiff SLATER has now filed a **MOTION TO CONTINUE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO ALLOW PLAINTIFF TIME TO CONDUCT DISCOVERY**. Tab #41. His motion is accompanied by an affidavit (Tab #42) wherein he states that he was unaware that discovery had begun;[1] plaintiff SLATER requests that he be given an additional ninety days to conduct discovery.

---

[1] The plaintiff's affidavit states that he thought "he could not proceed with discovery until an order was issued by the court directing when the discovery time period should start and when it should end."

In the view of the undersigned, plaintiff SLATER was *clearly* advised of the time period permitted for conducting discovery in the court's **ORDER FOR SERVICE** entered September 14, 2005. Tab #22. This order not only directed service upon defendant HENDERSON, but also gave instructions to the parties as to the conduct of the proceedings, including discovery.[2] Plaintiff's motion to allow time to conduct discovery was not filed until almost a month and a half after the close of the period permitted for discovery.

In his reply (Tab #44) to defendant's response (Tab #43), plaintiff SLATER contends that he never received the court's September 14th order. A review of the docket sheet herein reveals that the September 14th order was mailed to the same address as subsequent motions and orders which plaintiff apparently received. Accordingly, the undersigned finds that plaintiff was properly notified of his obligation to complete discovery as directed in the September 14th order and that he failed to engage in discovery within the time permitted. Therefore, plaintiff's motion for an extension of time within which to conduct discovery and for holding in abeyance consideration of defendant's motion for summary judgment is DENIED.

SO ORDERED AND DIRECTED, this 15th day of NOVEMBER, 2006.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2] The court's September 14th order included the following: "Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. . ..[D]iscovery shall be completed **WITHIN 90 DAYS** from the date of filing of an **ANSWER** or **DISPOSITIVE MOTION** by the defendant(s). . .." Defendant Henderson filed his answer on June 2, 2006. Tab #37.