IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

RICHARD RICARDO SLATER,

Plaintiff

VS.

DERRICK HENDERSON,

Defendant

NO.  5:03-CV-241 (CAR)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

# O R D E R

Before the court in the above-styled case are two pending motions: a MOTION FOR SUMMARY JUDGMENT filed by defendant DERRICK HENDERSON (Tab #39) and a MOTION TO STRIKE filed by plaintiff RICHARD RICARDO SLATER (Tab #49).  Defendant Henderson has responded to the plaintiff's motion (Tab #50), but despite being advised of his right to do so, the plaintiff has not responded to the defendant's motion for summary judgment.

The plaintiff's motion to strike asks that the court strike several numbered statements from the affidavit of the defendant on the grounds that they are hearsay.  It is clear that the statements involved are not being put into evidence in this case to prove those particular facts, but rather to show what defendant Henderson knew and/or believed at the time he executed the warrant.  Because the statements are not being offered to prove the validity of what is contained in them, they are not hearsay and the plaintiff's MOTION TO STRIKE (Tab #49) is DENIED.

The plaintiff's only remaining claim relates to alleged violations of his Fourth Amendment right to be free from unlawful searches and seizures, to-wit: whether a search warrant executed by defendant Henderson was obtained through false statements in violation of *Franks v. Delaware*, 438 U.S. 154 (1978).[1]

---

[1]The plaintiff's original case included a number of additional counts which have been dismissed by the Eleventh Circuit (Tab #21) and the district court (Tab #35).

# SUMMARY JUDGMENT STANDARD

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> *The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.*

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c);* ***Warrior Tombigbee Transportation Co. v. M/V Nan Fung***, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See **Van T. Junkins & Assoc. v. U.S. Industries, Inc.***, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. ***Hairston v. The Gainesville Sun Publishing Co.***, 9 F.3d 913 (11th Cir.1998). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. ***Welch v. Celotex Corp.***, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. ***Clark v. Coats & Clark, Inc.***, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[2]

---

[2]*See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston,* 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the nonmovant).

Although facts must be taken in a light most favorable to the non-moving party, plaintiff Slater in this case, plaintiff has failed to participate in discovery and has not filed a response or provided any evidence in support of his pleadings.[3] Accordingly, the only evidence before the court is the affidavit of defendant Derrick Henderson and the attachments thereto. This evidence establishes that defendant Henderson obtained a search warrant based in part on information he obtained from a reliable confidential informant. *See generally* Affidavit of Derrick Henderson, Tab #39-4. Defendant Henderson relied upon this information in seeking the warrant. He has sworn that he did not submit a false affidavit to support the issuance of the search warrant. *Id.* at ¶20. His statement under oath is uncontroverted. Even if the information provided by defendant Henderson in his affidavit in support of the warrant had later been determined to be false, because it has not been established that he ***knowingly or recklessly*** used that information when obtaining the warrant in question, he cannot be said to have violated the plaintiff's Fourth Amendment rights. *See Franks, supra*. Accordingly, IT IS RECOMMENDED that the defendant's MOTION FOR SUMMARY JUDGMENT (Tab #39) be **GRANTED**.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 27th day of JULY, 2007.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiff Slater has argued that he did not receive the court's Order dated September 14, 2005, which gave instructions to the parties as to how the case would proceed, or the court's Recommendation dated December 9, 2005, until more than a year after these documents were issued. Tab #52 at ¶18. The docket shows that the clerk certified service of both of those documents to the last address they had on file for the plaintiff, and it was plaintiff's duty to keep the court advised of any changes in address he may have had.

Additionally, considering that the plaintiff filed an objection to the court's December 9th Recommendation on December 20, 2005, more than a year *before* he claims to have actually received the Recommendation, the plaintiff's argument is hardly availing.